UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDRE B. ZOLOTOVITSKI,

           Plaintiff,

   v.

HERE NORTH AMERICA LLC,

           Defendant.

CASE NO. 2:19-cv-01964-RAJ-BAT

**REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant HERE North America LLC ("HERE") moves to dismiss Plaintiff Alexandre Zolotovitski's First Amended Complaint (Dkt. 3), with prejudice, for failure to state a claim upon which relief can be granted. Dkt. 10. Plaintiff, proceeding *pro se*, sued HERE alleging discrimination in violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 and Washington Law Against Discrimination (RCW 49.60.180; 49.44.90).

HERE contends Plaintiff's age discrimination claim is barred because he did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of his termination, as required by 29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5. Dkt. 10 at 2. HERE also requests that the Court decline jurisdiction of Plaintiff's state law discrimination claim. *Id.* at 3. Plaintiff argues that his claim is timely because (1) "the last act of alleged

REPORT AND RECOMMENDATION - 1

1  discrimination" occurred after the parties' exchange of letters and proposals broke down; and (2)

2  he initially filed his charge, within the statute of limitations, with the Washington State Human

3  Rights Commission ("HRC"). Dkts. 15 and 20.

4      For the reasons stated herein, the undersigned recommends that Defendant's motion to

5  dismiss be denied without prejudice subject to Plaintiff filing an amended complaint within two

6  weeks.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

8      Plaintiff was hired by HERE on July 2014 as a principal data scientist. Dkt. 3 at p. 4, ¶

9  III.E. On May 1, 2018 "during RIF [reduction in force] [Plaintiff] was laid off at the age of

10  63.9." *Id.* Plaintiff's analysis of a disclosure statement with ages of all employees selected and

11  not selected for the RIF "proved severe adverse effect of age discrimination based on age on

12  employees over 40 y.o., and even more severe on employees over 60 y.o., because selection rate

13  was much higher for older employees." *Id.* Plaintiff further alleges that the criteria for the RIF

14  were not applicable to him. *Id.*

15      Plaintiff filed a charge of discrimination with the EEOC on March 14, 2019. *Id.* at 4-5 ¶¶

16  III.E, I.A. 5.

## LEGAL STANDARD

18      To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible

19  on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, a plaintiff must

20  "plead[] factual content that allows the court to draw the reasonable inference that the defendant

21  is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

22  *Twombly*, 550 U.S. at 556).

23

A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires" and "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In addition, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995). "The grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

## DISCUSSION

It is well-settled that "[t]he filing of an EEOC charge is a prerequisite to bringing a civil action under the Age Discrimination in Employment Act (ADEA)." *Albano v. Schering–Plough Corp.*, 912 F.2d 384, 368 (9th Cir.1990); 29 U.S.C. § 626(d). A complainant must file a charge with the EEOC within 180 days of the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the alleged unlawful practice. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5.

Failure to timely file an EEOC charge is treated as a violation of a statute of limitations. *Parker v. Makah Tribal Council*, 2012 U.S. Dist. LEXIS 99890, *2 (W.D.Wash. July 18, 2012).

A charge is considered "filed with the EEOC" under the ADEA when it is "received" by either the EEOC or the equivalent state agency. 29 C.F.R. §§ 1626.10(c), 1626.7.

Failure to file an EEOC charge within the prescribed 300–day period is not a jurisdictional bar but instead, is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel. *See e.g.*, *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981).

Plaintiff alleges in his amended complaint that the last act of alleged discrimination against him took place on May 1, 2018, the date he was terminated pursuant to the reduction in force. He also alleges that he filed his charge of discrimination with the EEOC on March 14, 2019. Dkt. 3 at 5. Defendant argues that this filing is 317 days after the last act of discrimination (Plaintiff's termination), and is therefore, outside the statute of limitations. Dkt. 10 at 2.

In his response and reply, Plaintiff explains that before he filed a charge of discrimination with the EEOC, he filed the charge with the HRC on February 4, 2019, and that filing is within the 300-day time period. *See* Dkt. 20, Ex. A (February 28, 2019 letter from the HRC advising of the procedure for transferring Plaintiff's case from the HRC to the EEOC – "for the purpose of meeting the deadline for filing a charge, the date that this office received your original signed Intake Questionnaire will be used as the filing date.")

HERE correctly notes that, in determining its motion to dismiss, the Court may not look to new allegations or evidence outside Plaintiff's complaint. *See*, *Schneider v. California Dept. of Corrections*,151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") However, the Court also notes that, although Plaintiff did not plead so in his amended complaint, HERE

REPORT AND RECOMMENDATION - 4

acknowledges in its motion to dismiss that the 300-day timeline applies to Plaintiff's case, which would only apply if Plaintiff had initially instituted his proceedings with a state or local agency (in this case, the HRC).

Based solely on the facts contained in Plaintiff's amended complaint, his claim is time-barred. However, in light of Plaintiff's *pro se* status, the undersigned recommends that leave to amend be granted so that he may be given the opportunity to address the failings in his complaint to include all the facts related to the filing of the charge of discrimination with the HRC and the EEOC. *See Haines v. Kerner*, 404 U.S. 519 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding *pro se* plaintiff's to less stringent standard). It is also recommended that the second amended complaint should be considered as relating back to the filing of Plaintiff's original complaint, pursuant to Rule 15(c).

Accordingly, it is recommended that Defendant's motion to dismiss (Dkt. 10) be denied without prejudice, subject to Plaintiff filing a second amended complaint within two (2) weeks from the date of the District Judge's order on this report and recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 24, 2020**. The Clerk should note the matter for **March 27, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

REPORT AND RECOMMENDATION - 5

1 then be ready for the Court's consideration on the date the response is due.  Objections and

2 responses shall not exceed five (5) pages.  The failure to timely object may affect the right to

3 appeal.

4       DATED this 3rd day of March, 2020.

```
                                          _____
                                          BRIAN A. TSUCHIDA
                                          Chief United States Magistrate Judge
```