UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDRE B. ZOLOTOVITSKI,<br><br>Plaintiff,<br><br>v.<br><br>HERE NORTH AMERICA LLC,<br><br>Defendant. | CASE NO. 2:19-cv-01964-RAJ-BAT<br><br>**ORDER GRANTING MOTION TO COMPEL** |

Defendant HERE North America, LLC ("HERE") seeks a motion to compel Plaintiff Alexandre Zolotovitsk's responses to written discovery and deposition, pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 37 and Local Rule 26(f)(3). Dkt. 41. HERE also seeks an award of attorney fees and costs and suggests a status conference with the Court to clarify the scope of Plaintiff's ongoing discovery obligations. Having considered the motion, Plaintiff's opposition, and relevant record, the Court grants the motion but denies an award of fees at this time.

BACKGROUND

Plaintiff alleges that on May 1, 2018, HERE terminated his employment as a principal data scientist, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 and Washington Law Against Discrimination, RCW 49.60.180; 49.44.90. Dkt. 1, p. 3. Plaintiff alleges that he was laid off at the age of 63.9 during a reduction in force ("RIF") although the RIF criteria did not apply to him and the selection rate for the RIF was much higher

ORDER GRANTING MOTION TO COMPEL - 1

for older employees.[1] *Id.* Plaintiff seeks recovery of $781,869.00, consisting of: (1) $277,174 for salary, bonus, and lost health care and retirement benefits for "enforced unemployment" for 14 months); $4,294.00 in attorney fees; $250,000 for emotional distress and harm to health; $250,000 for punitive damages ("negation of age discrimination, defamation); and $400.00 for costs of the filing fee.

On May 8, 2020, HERE sent to Plaintiff, Defendant's First Set of Interrogatories and First Request for Production of Documents. Dkt. 42, Declaration of Michael A. Warner ("Warner Dec."), Ex. 1. At issue are the following discovery requests:

1. Request No. 9 – "If you have received any income from any source since January 1, 2018, please provide all documents relating to such income, including but not limited to employment offer letters, pay statements, check stubs, and records of any unemployment or disability benefits."

2. Request No. 10 – "If you are claiming that you have lost wages or suffered any financial harm, or are requesting any other damages due to the acts alleged in your Complaint, please provide all documents relating to your lost wages, financial harm, or damages."

3. Request No. 11 – "Your state and federal income tax returns, including but not limited to all worksheets, schedules, and IRS Forms 1099 or W-2 issued from any source, for each tax year from 2017 through the date of trial."

4. Request No. 14 – "If you have, at any time from January 1, 2018 to present, held any position of employment or have obtained any income as a result of any services you provided for anyone other than HERE, please provide all documents relating to such employment. Relevant documents include, but are not limited to, those that show the starting and, if applicable, ending dates of such employment, any compensation and benefits you received or to which you may be entitled, and, if applicable, the reason(s) for any discharge or termination of employment."

---

[1] In his Complaint, Plaintiff cites to 29 U.S.C. § 623 (10)(H)(ii). In a "petition notice of erratum", Plaintiff seeks to amend this citation to 29 U.S.C. § 623(a)(2). Dkt. 46. Plaintiff's request to amend is addressed in a separate order and is not material to the issues presented in the motion to compel.

ORDER GRANTING MOTION TO COMPEL - 2

     5.     <u>Interrogatory No. 8</u> – "Identify all income you received from any source (other than from HERE) for the period from January 1, 2018 to the present, including without limitation any amounts received in the form of self-employment, unemployment compensation, worker's compensation, social security, veteran's disability or any disability benefits of any sort, and other compensation not previously described, and for each source identify the person(s) who have custody and/or control of documents relating or referring to the income."

Dkt. 42, Warner Dec., Ex. 2. On June 28, 2020, Plaintiff objected to these requests on the grounds of relevancy. Plaintiff contends that the only relevant information is his unemployment compensation. Dkt. 42, Warner Dec., Ex. 2.

On November 20, 2020, HERE requested that Plaintiff supplement his interrogatory and document responses. Dkt. 42, Warner Dec., Ex. Ex. 3. Plaintiff continued to object to producing income-related information and on December 3, 2020, Plaintiff stated that he viewed "[i]rrelevant income [as] the income that has no relationship with the layoff . . . including 401k, *e.g.*, rental, dividend, capital gain, as well as [his] part time ski instructor income" that he has received since leaving HERE. *Id*., Ex. 4, p. 2. Although Plaintiff objected to providing information related to income he earned as a part-time ski instructor, he produced W-2 statements showing his ski instructor income for 2018 and 2019 but did not produce any other earnings or income data from his post-HERE employment. *Id*., Ex. 5.

During his deposition on December 28, 2020, Plaintiff answered questions related to his ski instructor income but refused to answer questions regarding any other employment or other source of income he had received, either as an employee or independent contractor. Plaintiff also refused to respond to questions regarding his efforts to find employment and his work history prior to and after his employment with HERE. Dkt. 42, Warner Dec., Ex. 6, pp.11-23, 34-30, 43-44.

ORDER GRANTING MOTION TO COMPEL - 3

1    HERE believes that Plaintiff is refusing to disclose earned work-related income that is
2 relevant to his backpay claim. For example, on his LinkedIn profile he states he has worked as a
3 "Data Scientist- Contract," since June 2019, but it does not identify the entity with whom he is
4 employed or contracted. Dkt. 42, Warner Dec., Ex. 7. During his deposition, Plaintiff did not
5 deny he had earned income through employment or work performed as an independent
6 contractor, but claimed the information is irrelevant and refused to answer any questions on the
7 topic. *Id*., Ex. 6. He also claimed that his resume, or resumes, were irrelevant. *Id*.

8    On December 31, 2020, based on Plaintiff's refusal to answer questions and other
9 technical challenges during Plaintiff's deposition, HERE moved to modify and extend the
10 Scheduling Order entered on April 8, 2020. Dkt. 37. On January 8, 2021, the Court granted
11 HERE's motion, which, among other things, extended the deadline for filing discovery related
12 motions to February 15, 2021 to allow the parties time to attempt to resolve this discovery
13 dispute and complete Plaintiff's deposition without the Court's intervention. Dkt. 40.

14    In contemplation of requesting that the Court extend the discovery deadlines, HERE's
15 counsel asked that Plaintiff agree to continue the discovery deposition and provide complete
16 responses. Dkt. 42, Ex. 8. On January 15, 2021, Plaintiff responded that his "2019 and 2020
17 income has no relevancy" to his claims against HERE and, because his monetary damages were
18 still "accruing," it did "not make any sense to recalculate" his money damages every month. *Id*.,
19 Ex. 9. On January 21, 2021, HERE's counsel explained to Plaintiff that HERE is entitled to
20 discovery of such information, regardless of whether Plaintiff was prepared to provide his own
21 damage calculation. *Id*., Ex. 10.

22    On January 22, 2021, Plaintiff sent an e-mail citing to excerpts from the Federal Rules
23 and from internet materials that purported to explain the discovery process. Plaintiff also asked

ORDER GRANTING MOTION TO COMPEL - 4

1 for clarification of his discovery obligations. Dkt. 42, Warner Dec., Ex. 11. HERE's counsel then

2 exchanged several e-mails with Plaintiff attempting to respond to his objections and persuade

3 him that the requested discovery is well within the bounds of relevant and discoverable

4 information. *Id*., Ex. 12. In response, Plaintiff stated that he would produce information

5 reflecting "any insurance benefits [he has] received or any contributions to a 401(K) or

6 retirement plan on" his behalf, including W-2's and 1099's since 2018, but he continued to

7 refuse to identify the source of his post-HERE income and would not commit to provide full

8 responses to HERE's written discovery requests and deposition questions. *Id*., Ex. 13.

## DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

A.   <u>Motion to Compel</u>

Plaintiff contends that the information sought by HERE is not relevant because (1) HERE denies it discriminated against him and claims he did not suffer recoverable damages; (2) he has not obtained information from HERE, which he needs to calculate his damages; and (3) he cannot determine the relevancy of his post-HERE earnings until he receives this information and makes his own damages estimate. Dkt. 43. Plaintiff also asserts that his production of the requested information is contingent upon HERE's production of projected earnings he could have expected at HERE and, based on whether his expected earnings are lower or higher than

ORDER GRANTING MOTION TO COMPEL - 5

what he has actually earned since leaving HERE, he will determine if he has mitigated his losses.[2]

Plaintiff's objections are without merit. Plaintiff seeks backpay damages and, as a matter of law, has a duty to attempt to mitigate any such alleged damages. *See Sangster v. United Air Lines, Inc*., 633 F.2d 864, 867 (9th Cir. 1980). For these reasons, evidence related to what efforts Plaintiff has made to obtain work and what he has earned in such work since his termination from HERE is relevant and is discoverable. In addition, HERE need not admit liability before obtaining discovery relating to Plaintiff's alleged damages, Plaintiff cannot unilaterally determine what information is relevant for discovery purposes, and Plaintiff cannot withhold relevant and discoverable information pending receipt of information from HERE. HERE is entitled to discovery of the facts needed to evaluate Plaintiff's damage calculation and is not required to rely on Plaintiff's damages calculations.[3]

Plaintiff also asserts that he is justified in withholding the requested information because it is privileged and/or confidential. Plaintiff provides no legal basis for such privilege. Moreover, the parties' Stipulated Protective Order (Dkt. 30) sufficiently addresses any concerns related to private income information.

B.  Attorney Fees and Costs

HERE seeks an award of fees and expenses that it incurred in bringing this motion to compel. Pursuant to Fed.R.Civ.P. 37(a)(5)(A), the court must order an award of fees and expenses to a party who successfully moves to compel discovery. However, the court can make

---

[2] According to counsel, HERE proposed to provide information as to earnings adjustments of its data scientists from 2018 to present in exchange for Plaintiff's production of information regarding his post-HERE earnings and related mitigation efforts, but Plaintiff rejected this offer. Dkt. 42, Warner Dec. ¶, Ex. 12-3.

[3] Plaintiff is free to pursue this and other information from HERE in a formal discovery request.

ORDER GRANTING MOTION TO COMPEL - 6

exceptions where the "opposing party's nondisclosure ... was substantially justified," or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii)-(iii).

Plaintiff is proceeding pro se and although this status does not excuse intentional noncompliance with discovery rules and court orders, there does appear to be some good faith confusion as to Plaintiff's discovery obligations, which HERE has requested this Court address in a status conference. For these reasons, the Court will deny HERE's request for fees and expenses without prejudice. However, the Court reminds Plaintiff that his failure to comply with a discovery order, will subject him to Rule 37 sanctions, including dismissal of this lawsuit, just like any other litigant. [4]

Accordingly, the Court **GRANTS** the motion to compel (Dkt. 41); **DENIES** the motion for attorney fees and costs; and further **ORDERS**:

    1.    Plaintiff shall produce the following documents **within 14 days** of the date of this Order:

        a.    all documents relating to income Plaintiff received from services he has provided from any source since January 1, 2018, including but not limited to employment offer letters, pay statements, check stubs, and records of any unemployment or disability benefits.

        b.    Plaintiff's state and federal income tax returns, including but not limited to all worksheets, schedules, and IRS Forms 1099 or W-2 issued from any source, for each tax year from 2017 up through the present.

        c.    All documents related to income Plaintiff has received from any source as a result of services Plaintiff has provided, including but not limited to those that show the starting and, if applicable, ending dates of such employment, any compensation and benefits you received or to which you may be entitled, and, if applicable, the reason(s) for any discharge or termination of employment.

---

[4] *See e.g.*, *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. Mar. 18, 2014) (and cases cited therein).

ORDER GRANTING MOTION TO COMPEL - 7

2. Plaintiff shall provide answers to the following Interrogatory **within 14 days** of the date of this Order:

    a. Identify all income you received from any source (other than from HERE) for the period from January 1, 2018 to the present, including without limitation any amounts received in the form of self-employment, unemployment compensation, worker's compensation, social security, veteran's disability or any disability benefits of any sort, and other compensation not previously described, and for each source identify the person(s) who have custody and/or control of documents relating or referring to the income.

3. The parties shall complete Plaintiff's deposition **within forty-five (45) days** of the date of this Order. During that deposition, Plaintiff shall provide complete and non-evasive responses notwithstanding any objections other than objections that a question calls for disclosure of communications protected by the attorney-client privilege.

4. After the completion of the written and deposition discovery ordered herein, the parties shall confer and submit to the Court proposed dates for the filing of dispositive or other motions.

DATED this 10th day of March, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL - 8